IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILL FERGUSON & ASSOCIATES,

        Plaintiff,

vs.                                   Civil Action No.:  1:12-cv-00822-JCH/ACT

TRAVELERS INDEMNITY COMPANY
OF AMERICA, a Connecticut Corporation,

        Defendant.

## **PLAINTIFF'S MOTION TO STRIKE OBJECTIONS AND COMPEL PRODUCTION**

COMES NOW Plaintiff, Will Ferguson & Associates (*hereafter* "Plaintiff"), by and through their counsel Rosales Law Group, P.C. (David Ray Rosales) to oppose Travelers Indemnity Company of America's (*hereafter* "Defendant") *Amended Cross-Notice Deposition of Duces Tecum of Robert C. Freely and Objections to Plaintiff's Notice of Deposition Duces Tecum* and moves the Court to grant this *Motion to Strike Objections and Compel Production* of all documents pursuant to *Plaintiff Will Ferguson & Associates' Notice to Take Videotaped Deposition Duces Tecum of Robert Freely* and as basis for this motion states:

### INTRODUCTION

Plaintiff filed *Plaintiff's Notice to Take Videotaped Deposition Duces Tecum of Robert C. Freely* of accountants Magnan, Grazziaro & Associates on October 17, 2012.

*Plaintiff's Notice to Take Videotaped Deposition Duces Tecum of Robert C. Freely* made requests for the production of documents from Robert C. Freely and Magnam, Graizzaro & Associates.

On November 21, 2012 Defendant filed an *Amended Cross-Notice Deposition of Duces Tecum of Robert C. Freely and Objections to Plaintiff's Notice of Deposition Duces Tecum.*

Defendant's *Amended Cross-Notice* objected to four (4) specific requests:

4. A full list of all matters, assignments, claims, files, or projects in which Magnam [sic], Graizzaro & Associates, CPAs, LLC has worked for Defendant Travelers Indemnity Company since January 1, 2009. (Last names of individual parties may be redacted to protect confidentiality and privacy concerns.)

5. A copy of all statements, invoices, billings, demands for payment or other documents reflecting a detailed account of work performed for or on behalf of Defendant Travelers Indemnity Company by Magnam [sic], Graizzaro & Associates, CPAs, LLC concerning the Business Income Loss Claim made by Plaintiff Will Ferguson & Associates made the basis of this suit.

6. A copy of all statements, invoices, billings, demands for payment or other documents reflecting a detailed account of work performed for or on behalf of Defendant Travelers Indemnity Company by Magnam [sic], Graizzaro & Associates, CPAs, LLC of any nature since November 1, 2009.

17. Copies of any and all billing statements, dispatched or not, including any time involved in the review and assessment of the Business Income Loss Claim of Will Ferguson & Associates, whether billed or not, sent or billed to Defendant Travelers Indemnity Company concerning the Business Income Loss Claim made by Plaintiff Will Ferguson that is the subject of this lawsuit.

## ARGUMENT AND ANALYSIS

Contrary to Defendant's objections, Plaintiff argues that all requests outlined in the "Documents to Be Produced" section are essential and relevant items of discovery within the context of the bad faith claim that is the crux of this litigation. All requests for production are intended to provide an understanding of the process of adjustment of Plaintiff's insurance claim for business interruption by Defendant Travelers and or its agents, and any delay in the adjustment of Plaintiff' insurance claim. At no time has Plaintiff abused the privileged of the discovery process or otherwise served Defendant with requests that are inconsequential to litigation. Plaintiff has carefully planned each request and has assessed what documents could be

critical components to the discovery process. Plaintiff has made every effort to minimize the work associated with the producing the requests and Plaintiff has afforded deponent every opportunity to redact or otherwise control information to ensure confidentiality. Defendant's objections to the abovementioned requests are baseless and Plaintiff believes that all requests for production should be granted.

### Document Requests Satisfy the Evidentiary Standard of Relevancy under the Federal Rules of Evidence

The Federal Rules of Civil Procedure contemplate a liberal discovery process. *Metzger v. American Fidelity Assurance Co.,* 245 F.R.D. 727 (W.D. Oklahoma 2007). A request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party. *Oglesby v. Hy-Vee, Inc.*, 2005 WL 857036. When the information contained in the request appears to be relevant, the party objecting to the discovery has the burden to establish irrelevance by demonstrating that the information does not come within the scope of relevance as defined by Federal Rule of Evidence 26(b)(1), or is of such marginal relevance that the harm in producing the information outweighs the presumption in favor of broad disclosure. *See Simpson v. University of Colorado*, 220 F.R.D. at 359 (D. Colorado 2004). Alternatively, when the request is overly broad on its face or when relevancy is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request. *Hammond v. Lowe's Home Centers Inc.*, 216 F.R.D. 666, 670 (D.Kan.2003).

Plaintiff's requests for production are directly relevant to the legal claims against the Defendant. The requested documents are intended to illuminate the business relationships and interactions between the Defendant and accountants Magnam, Graizzaro and Associates. These business relationships, and any evidence of it, are fundamental to Plaintiff's case. Plaintiff has

carefully crafted the requests for production to focus only on the periods where Plaintiff's claim was the cause of the interactions between Defendant and Magnam, Graizzaro & Associates. Information such as a list of all matters when Magnam, Graizzaro & Associates worked for the Defendant and copies of invoices from Magnam, Graizzaro & Associates, could be an essential to both Plaintiff's or Defendant's case and this possibility alone bolsters the claims that the requests are relevant.

**Document Requests by Plaintiff are Likely to lead to the Discovery of Admissible Evidence**

The Defendant objects to Plaintiff's abovementioned requests based upon the assertion that the requests are not likely to lead to the discovery of admissible evidence. Rule 26(b)(1) of the Federal Rules of Civil Procedure limits discovery to information that is "reasonably calculated to lead to the discovery of admissible evidence." Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party .... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." A request for discovery should be allowed "unless it is clear that the information sought can have no possible bearing" on the claim or defense of any party. *Cardenas v. Dorel Juvenile Group, Inc.*, 230 F.R.D. 377, 380 (D. Kansas).

Plaintiff states that all requests for production are reasonably calculated to lead to the discovery of admissible evidence. In contrast, the Defendant argues that evidence such as statements of work performed or billing statements have no possible value to any claim or defense of any party in the present action. Defendant essentially argues that there is not one single fact in the entire sum of the objectionable documents that is valuable to the case in any

manner. The underlying assumptions of Defendant's position are extreme, untenable, and should be dismissed as unrealistic.

In contrast to Defendant's insinuation that Plaintiff is indiscriminately choosing documents, Plaintiff has tailored each request to be closely related to issues surrounding the legal claims. Each request attempts to probe the relationship between Defendant and Magnam, Graizzaro & Associates. In Request 6 for example, Magnam, Graizzaro and Associates is asked to produce a copy of all statements, invoices, billings, demands for payment or other documents issued by Defendant. At issue, in part, is the delay in the adjustment of the Plaintiff's claim by Defendant Travelers for several months. Evidence indicates that Defendant Travelers retained Magnam, Graizzaro & Associates in March, 2011. The following year, in January, 2012, it appears there was a dispute about the amount Defendant travelers was willing to pay Magnam, Graizzaro & Associates after the assignment and scope of duties, as assessed by Defendant Travelers' accountants, seemed to warrant an exception to the amount to be charged by the accountants. The evidence supports that a demand for a higher fee by Defendant Travelers' accountant was made. This evidence is based upon deposition testimony taken of Travelers' employees. The demands for a higher fee resulted in discussions held internally by Defendant Travelers in a "roundtable session."  The evidence is that after the passage of considerable time, Defendant Travelers retained a second accountant to serve as its expert witness.

In aggregate the receipts may lead to the discovery of critical evidence that establish crucial information regarding the timeline of events. Each request made in Plaintiff's *Notice* was done so in order to develop admissible evidence.

**Plaintiff has Taken Precautions to Ensure that Documents Requested Will Not Improperly Reveal Confidential and Proprietary Information**

In spite of Defendant's assertions that Plaintiff is seeking information that is confidential or propriety, the allegation remains unfounded. Defendant has failed to identify any potential document that would pose a threat to Defendant's confidentiality. Plaintiff's document requests could be summarized as focusing on a list of Defendant's projects and a variety of billing documentation that accompanied Magnam, Graizzaro & Associates' investigation of Plaintiff's insurance claim. On their face none of these documents appear to be confidential or to be so sensitive as to be completely off-limits. Plaintiff has also stated that all private or confidential information can be redacted from the document.

Defendant's concerns that confidential information would be improperly released are implausible due to the fact that independent safeguards have been codified in the Federal Rules of Civil Procedure. Rule 26(c)(1)(G) contemplates that certain information produced or sought by discovery requests may constitute confidential or propriety information. Discovery of information within these parameters is contemplated if the parties agree to create a protective order pursuant to Rule 26(c). Plaintiff agrees that such a protective order may ameliorate Defendant's concerns. In the absence of a protective order, Plaintiff has independently structured the requests for production to minimize any risk that improper information may be broadcast.

### Plaintiff's Requests are Not Overbroad in Scope and/or Time

While parties to litigation are granted broad privileges, anyone participating in litigation is obliged to describe discovery requests with "reasonable particularity." Fed.R.Civ.P. 34(b)(1)(A). In contrast, all-encompassing demands take little account of the proper responsibility of discovery and are generally considered to be overbroad. *Regan-Touhy v. Walgreen Co.,* 526 F.3d 641(10th Cir.) The term "reasonably particular" is a term of art and varies depending on the case. In a complex case such as the present action, it is quite reasonable

to assume that requests may be more general and expansive then a less complex case. Plaintiff has never issued a very broad request in spite of the complexity of the case. Regardless of the size of the case, discovery requests should be sufficiently finite and limited in scope so that a reasonable person could understand what documents are being requested. *See Id* at 650. Under any circumstances, discovery requests are not simply a means to collect as much information as possible especially if the majority of the collected information is irrelevant to the claims. *See Herbert v. Lando,* 441 U.S. at 177 (St. Ct. 1979). Parties must limit requests to ensure that discovery is compatible with the size and complexity of the particular case.

      Plaintiff's requests for discovery are limited in scope and narrowly focused on obtaining relevant information. Plaintiff has never disregarded efficiency and has never made outrageous requests for all invoices for an indefinite period without specifying any context. Rather, Plaintiff's requests are very detailed and narrowly focused on specific issues. Each request asks for a certain type of document, narrows the timeframe of the request and then provides situational context to convey a clear understanding of what is being requested. Plaintiff provides a reasonably particular discovery request in each instance and avoids any all-encompassing demands that could be construed as an attempt to collect as much information as possible with little disregard for the value of the information.

      WHEREFOR, Plaintiff, Will Ferguson & Associates (hereafter "Plaintiff"), by and through their counsel and Rosales Law Group, P.C. (David Ray Rosales) moves the Court to grant this *Motion to Strike Objections and Compel Production*.

        Respectfully Submitted,

        **ROSALES LAW GROUP, P.C.**

        By: */s/ David Ray Rosales*
          **DAVID RAY ROSALES**
          *Attorney for Plaintiff, Will Ferguson & Associates*
          1601 Randolph Rd. SE, Suite 110-S
          Albuquerque, NM  87106-4278
          505-866-4529 (Telephone)
          505-465-7035 (Facsimile)
          Email:  DavidRosales@NewMexicoCounsel.com

I hereby certify that a true and correct copy of the foregoing has been e-mailed to:

Amy Samberg, Esq.
Snell & Wilmer, L.L.P.
*Attorney for Defendant*
1200 17th Street, Suite 1900
Denver, CO  80202

Jonathan M. Allen, Esq.
Snell & Wilmer, L.L.P
*Attorney for Defendant*
1200 17th Street, Suite 1900
Denver, CO  80202

Gregory D. Steinman, Esq.
Madison & Mroz, P.A.
*Attorney for Defendant*
201 Third Street NW, Suite 1600
Albuquerque, NM  87102

Jeffrey S. Trespel
*Attorney for Plaintiff*
Will Ferguson & Associates
1720 Louisiana Blvd. NE, Suite 100
Albuquerque, NM  87110

on the 29th day of November 2012.

*/s/David Ray Rosales*
**DAVID RAY ROSALES**

Case 1:12-cv-00822-JCH-ACT   Document 30   Filed 11/29/12   Page 9 of 9