IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**WILL FERGUSON & ASSOCIATES,**

    **Plaintiff,**

    vs.                                                        Civ. No. 12-822 JCH/ACT

**TRAVELERS INDEMNITY COMPANY
OF AMERICA, a Connecticut corporation,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion to Strike Defendant Travelers' Cross-Notice of Deposition for Failure to Respond Within 30 Day Deadline [Doc. No. 29] filed on November 29, 2012 ("Motion to Strike Cross-Notice"). Defendant filed a Combined Response to Plaintiff's Motion to Strike Objections and Compel Production and Plaintiff's Motion to Strike Defendant Travelers' Cross-Notice of Deposition for Failure to Respond Within 30 Day Deadline [Doc. No. 31] on November 30, 2012 ("Response").[1] Plaintiff filed its Reply [Doc. No. 32] on December 3, 2012.[1]

The issues before the Court are (1) whether Defendant's Notice to Take Videotaped Deposition Duces Tecum of Robert C. Freely is timely; and (2) whether the objections raised in

---

[1] The Court notes there were time constraints imposed by the Court in responding and replying to Plaintiff's Motion to Strike Cross-Notice [Doc. No. 29] and to Plaintiff's Motion to Strike Objections and Compel Production [Doc. No. 30]. The Court further notes, however, that the constraints imposed are for the sole benefit of the parties who asked this Court for an expedited ruling on these motions. For future reference, the Court cautions all parties that a separate responsive pleading addressing each motion is required by the Court's Administrative Order 92-88. D.N.M. Administrative Order 92-88 (May 4, 1992) ("[A]ll practitioners before the Court shall henceforth submit, in the case of responsive pleadings, a separate pleading addressing each motion and other pleading to which a response is made.") In the future, the parties must file a separate response and reply to every motion filed instead of a single response and reply addressing multiple motions.

Defendant's Amended Cross-Notice Deposition Duces Tecum of Robert C. Freely and Objections to Plaintiff's Notice of Deposition Duces Tecum are timely.

The Court having considered all of the relevant pleadings and having heard from the parties at a Rule 16 Telephone Discovery Status Conference on November 29, 2012, finds that Plaintiff's Motion to Strike Cross-Notice is denied.

## PROCEDURAL AND FACTUAL BACKGROUND

On February 7, 2012, Plaintiff Will Ferguson & Associates ("Plaintiff") filed its Complaint for Declaratory Relief, Breach of Contract and Other Claims in the Second Judicial District Court, Bernalillo County, New Mexico.  On February 22, 2012, Plaintiff filed its First Amended Complaint ("Amended Complaint") alleging claims for declaratory relief, breach of contract, unfair claim practices, unfair settlement practices, and punitive damages.  [Doc. No. 1-1.]   The Amended Complaint initially named three Defendants – (i) The Travelers Indemnity Company of America, (ii) Magnan, Graizzaro & Associates CPAS, LLC, and (iii) Manuel Lujan Insurance, Inc.; however, Magnan, Graizzaro & Associates and  Manuel Lujan Insurance, Inc., were dismissed in the underlying state court action on June 6, 2012, and July 20, 2012, respectively. [Doc. No. 1 at 2.] With those respective dismissals, and now satisfying the requirements for original federal jurisdiction, Defendant The Travelers Indemnity Company America ("Defendant Travelers") invoked 28 U.S.C. § 1441(a) and timely removed the action to federal district court.  On July 27, 2012, Defendant filed a Notice of Removal to the United States District Court for the District of New Mexico ("Notice of Removal"). [Doc. No. 1.]  Defendant Travelers filed its Answer [Doc. No. 1-2] in the underlying state court action on April 10, 2012.

The factual basis of Plaintiff's Amended Complaint involves events that "arise from water damage that occurred at Plaintiff's principal location on November 8, 2010 and thereafter." [Doc.

No. 1-1 at 1, ¶ 2.] On or about November 8, 2010, the ground floor of Plaintiff's offices experienced water damage "arising from damaged plumbing and /or defective security." [Id. at 2, ¶ 9.]  Plaintiff claims that the water damage resulted in "[t]ens of thousands of dollars of physical damage to the building," "a value exceeding $11,000" of damaged and destroyed business contents, and "$647,500 in lost business income." [Id. at 2-3, ¶¶ 10-12.] Plaintiff states that a business owner's property insurance policy issued by Travelers was in effect on the date of the occurrence, and that it promptly notified Manuel Lujan Insurance, Inc. and Travelers of the occurrence. [Id. at 2, ¶¶ 8, 13.] Following submission of the claim, Manuel Lujan Insurance, Inc. and Travelers contracted with Magnan, Graizzaro & Associates, Inc. "to perform forensic accounting functions purportedly designed to develop the measure of damages sustained" by Plaintiff. [Id. at 3, ¶ 15.] Plaintiff states it made a formal demand for its damages on or about November 3, 2011, and that Defendant(s) have failed to pay any of their claimed losses. [Id. at 3, ¶¶ 17-18.]

In its Answer, Defendant Travelers admits that it issued a policy of insurance to Plaintiff. [Doc. No. 1-2 at ¶¶ 25, 26, 38.]  Defendant Travelers also admits that Plaintiff reported a claim for water damage and that "it paid Plaintiff certain amounts for losses to Plaintiff's business personal property resulting from the water damage." [Doc. No. 1-2 at ¶¶ 2, 9.] In addition, Defendant Travelers admits that it "retained MGA to assist in the evaluation of Plaintiff's business income loss claim," and that "it has not paid Plaintiff for its lost business income claim."  [Doc. No. 1-2 at ¶¶ 15, 18.]  Defendant Travelers asserts an affirmative defense, *inter alia*, that "Plaintiff's claims may be barred or limited by the contractual terms, conditions, provisions and/or limitations contained within the Policy." [Doc. No. 1-2 at p. 5.]

In Plaintiff's Motion to Strike Cross-Notice, Plaintiff states that on October 17, 2012, it filed a Notice to Take Videotaped Deposition Duces Tecum of Robert C. Freely. [Doc. No. 29.] Plaintiff further states that on November 21, 2012, Defendant filed an Amended Cross-Notice Deposition Duces Tecum of Robert C. Freely and Objections to Plaintiff's Notice of Deposition Duces Tecum.  Plaintiff argues that when a request for production is presented within the context of a Rule 30 deposition, the parties have 30 days to respond or objections are deemed waived. [Doc. No. 29 at 2.]   As such, "Defendant had until November 16, 2012, to respond with objections." [Id.]  Because Defendant failed to respond within the required time, Plaintiff requests that this Court strike Defendant Traveler's Cross-Notice Deposition of Duces Tecum of Robert C. Freely and Objections to Plaintiff's Notice of Deposition Duces Tecum for failure to submit its objections within the 30-day deadline pursuant to Rule 34(b)(2)(A). [Doc. No. 29 at 1.]

In Defendant Travelers Response, Defendant states that Robert Freely is a nonparty to this litigation. [Response at ¶ 1.]  On October 24, 2012, Defendant served a Cross-Notice of Deposition Duces Tecum on Robert C. Freely. [Id. at ¶ 4.]  On November 20, 2012, counsel on behalf of Robert Freely filed "Objections to Plaintiff's Notice to Take Videotaped Deposition Duces Tecum." [Id. at Ex. B.]   On November 21, 2012, Travelers served an Amended Cross-Notice of Deposition Duces Tecum of Robert C. Freely and Objections to Plaintiff's Notice of Deposition Duces Tecum. [Id. at Ex. C.]  Defendant Travelers contends that "Mr Freely is not a party to this litigation, and thus, F.R.C.P. 34 and the time limits prescribed therein do not apply to the request for production[.]" [Id. at p. 5.] Defendant further contends that Plaintiff's Motion to Strike its Amended Cross-Notice of Deposition Duces Tecum as untimely should be denied because Rule 30.1 of the Local Rules for the United States District Court for the District of New Mexico

provides that service of a deposition notice is timely if made at least fourteen days before the scheduled deposition.

Plaintiff's Reply argues that Plaintiff's Notice to Take Videotaped Deposition Duces Tecum of Robert C. Freely should be properly viewed as a request for production under Rule 34 and the time constraints for raising objections therein should apply.

## RELEVANT LAW

### A.   Depositions by Oral Examination

#### 1.   Rule 30 - Depositions by Oral Examination

Rule 30 provides that "[a] party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)." Fed. R. Civ. P. 30(a)(1). The party wanting to depose a person by oral questions must give reasonable notice to every other party. Fed. R. Civ. P. 30(b)(1). "If a subpoena duces tecum is to be served on the deponent, the materials designated for production, as set out in the subpoena, must be listed in the notice or in an attachment." Fed. R. Civ. P. 30(b)(2). "The notice to a party deponent may be accompanied by a request under Rule 34 to produce documents and tangible things at the deposition." *Id.*

#### 2.   Local Rules

According to the United States Court of Appeals for the Tenth Circuit, the Court's local rules have the force of law. *Valencia v. Colorado Casualty Ins. Co.*, 2007 WL 5685360, *2 (D.N.M. Dec. 8, 2007) (citing *Smith v. Ford Motor Co.*, 626 F.2d 784, 796 (10th Cir. 1980) (quoting *Woods Constru. Co. v. Atlas Chem. Indus., Inc*. 337 F.2d 888, 890 (10th Cir. 1964)). "[L]ocal rules of practice as adopted by the district court, 'have the force and effect of law, and are binding upon the parties and the court which promulgated them until they are changed in [an] appropriate manner.'" *Id.*  "[A]lthough district judges must follow local rules when adherence

furthers the policies underlying the rules, they have discretion in applying and interpreting local rules." *Hernandez v. George*, 793 F.2d 264, 267 (10th Cir. 1986).  Local rules "may be waived by a Judge to avoid injustice." D.N.M.LR-Civ. 1.7.

The Court's local rules require fourteen-days notice for a deposition.  "Service of notice of deposition in accordance with Fed. R. Civ. P. 30(b) must be made at least fourteen (14) calendar days before the scheduled deposition." D.N.M.LR-Civ. 30.1.

### B.     Requests for Production

#### 1.     Rule 34 - Producing Documents

Rule 34 states that "[a] party may serve on any other party a request within the scope of Rule 26(b)." Fed. R. Civ. P. 34(a).  Rule 34 requires a party on whom a request for production is served to "state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B).  Rule 34 also provides: "An objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C).  The party on whom a request for production of documents and things is served must file a written response within 30 days after being served. Fed. R. Civ. P. 34(b)(2)(A).  "A shorter or longer time may be stipulated to under Rule 29 or ordered by the court." *Id.*  If the responding party fails to make a timely objection, or fails to state the reason for an objection, he may be held to have waived any or all of his objections." *Lucero v. Martinez*, 2006 WL 1304945 (D.N.M. March 11, 2006) (unpublished opinion) (citing *Marx v. Kelly, Hart & Hallman, P.C.*, 929 F.2d 8, 12 (1st Cir.1991); *see, e.g.*, *Krewson v. City of Quincy*, 120 F.R.D. 6, 7 (D.Mass.1988) ("If a party fails to file timely objections to document requests, such a failure constitutes a waiver of any objections which a party might have to the requests.")).

Courts, however, have held that waiver is not automatic, and it is within the court's discretion to examine the circumstances surrounding the objections and determine whether the waiver should be excused based on good cause or excusable neglect. *A.H. v. Knowledge Learning Corp.*, 2010 WL 4117508, at *3 (D. Kan. Oct. 19, 2010) (unpublished opinion) (citing *Mike v. Dymon*, No. 95-2405-EEO, 1996 WL 674007, at *1 (D. Kan. Nov. 14, 1996); *Brown v. Stroud*, No. 08-02348-VRW (DMR), 2010 WL 3339524, at *1 (N.D. Cal. Aug. 24, 2010) ("Although Rule 34 does not expressly provide for any relief from a waiver of objections as does Rule 33, courts have granted such relief upon a showing of good cause."); *Blumenthal v. Drudge*, 186 F.R.D. 236, 240 (D.D.C. 1999) (applying to Rule 34(B) requests for production the principle set forth in Rule 33(b)(4) that a court may excuse a failure to timely object for good cause.)).

A nonparty may be compelled to produce documents and tangible things or to permit an inspection as provided in Rule 45. Fed. R. Civ. P. 34(c).

    2.    <u>Rule 45 - Subpoena Duces Tecum</u>

Rule 45 states in pertinent part:

> *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises - or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
>
> (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection;

>    (ii)    These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

Fed. R. Civ. P. 45(c)(2)(B).

One of the options a nonparty has in responding to a subpoena duces tecum is to serve written objections upon the party or attorney designated.  Fed. R. Civ. P. 45(c)(2)(B).  The objections must be served within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service.  *Id.*  Although a person served with a subpoena must object within 14 days, that does not apply to a nonserved party or nonparty, provided that any objection to the subpoena is timely filed.  *Broadcort Capital Corp. v. Flagler Securities, Inc.*, 149 F.R.D. 626, 628 (D. Colo. 1993); Fed. R. Civ. P. 45(c).  "There is little doubt that a court has the power and duty to examine all appropriate issues dealing with persons affected by the subpoena under this revised rule."  *Broadcort Capital Corp. v. Flagler Securities, Inc.*, 149 F.R.D. at 628.  Failure to serve written objections to subpoena within the time limit typically constitutes a waiver of such objections; however, in unusual circumstances, and for good cause, failure to timely act will not bar consideration of such objections.  *Concord Boat Corporation v. Brunswick Corporation*, 169 F.R.D. 44, 48 (S.D.N.Y 1996).

## ANALYSIS

The timing for noticing a deposition is governed by this Court's local rules. [*See* Relevant Law, Local Rules, *infra*.]  On October 24, 2012, Defendant served a Cross-Notice of Deposition Duces Tecum on Robert C. Freely.  On November 21, 2012, Travelers served an Amended Cross-Notice of Deposition Duces Tecum of Robert C. Freely and Objections to Plaintiff's Notice of Deposition Duces Tecum.  "Service of notice of deposition in accordance

with Fed. R. Civ. P. 30(b) must be made at least fourteen (14) calendar days before the scheduled deposition." D.N.M.LR-Civ. 30.1.  Mr. Freely's deposition is scheduled for December 6, 2012.  Defendant Travelers' Cross-Notice of Deposition Duces Tecum was filed on October 24, 2012, a full six weeks prior to the scheduled deposition.  Defendant Travelers' Amended Cross-Notice of Deposition Duces Tecum was filed November 21, 2012, two weeks and one day before the scheduled deposition.  Defendant Travelers' deposition notice and amended deposition notice are therefore timely.

Defendant Travelers' objections to the requested production of documents in Plaintiff's Notice to Take Videotaped Deposition Duces Tecum of Robert C. Freely are untimely under both Rule 34 and Rule 45.  On October 17, 2012, Plaintiff filed its Notice to Take Videotaped Deposition Duces Tecum of Robert C. Freely.  If the request for production of documents were governed by Rule 34, an objecting party has thirty (30) days in which to make objections.  Thirty (30) days from October 17, 2012, is November 16, 2012.  If the request for production of documents were governed by Rule 45, an objecting party has fourteen (14) days in which to make objections.  Fourteen (14) days from October 17, 2012, is October 31, 2012.  The Court notes that Rule 45 specifically addresses the timing of a nonparty's objections; however, because the nonparty's objections were untimely, it follows that Defendant's objections were also untimely.

Although Defendant Travelers' objections are untimely, Plaintiff's request for production of documents from a nonparty is procedurally flawed.  Rule 34 specifically states as to nonparties, "[a]s provided in *Rule 45*, a nonparty may be compelled to produce documents and tangible things or to permit an inspection." Fed. R. Civ. P. 34(c).  (Emphasis added.)  Rule 45 governs the procedure for requesting the production of documents from Mr. Freely, a nonparty

to this litigation, not Rule 34. As such, Plaintiff has failed to follow the requirements for the request for production of documents from a nonparty as set out in Rule 45.

The Court has broad discretion in managing discovery matters. Furthermore, the Court in unusual circumstances, and for good cause, can consider untimely objections to requests for production whether served under Rule 34 or Rule 45. Because of the difficulty in scheduling the deposition of Mr. Freely as alluded to by counsel at the Rule 16 Discovery Status Conference on November 29, 2012, the Court will allow the deposition of Mr. Freely to proceed despite the procedural flaws committed by both parties regarding the request for production of documents in the deposition notices. The parties have indicated to the Court they want to proceed with the deposition, and they also want to avoid revisiting the scheduling challenges the parties have already overcome in setting Mr. Freely's deposition. However, the Court denies Plaintiff's Motion to Strike Defendant's objections as untimely given the unusual circumstances surrounding the parties' apparent confusion regarding the applicable rule governing the request for production of documents from a nonparty and the procedural flaws committed by both parties. The Court will decide Plaintiff's Motion to Strike Objections and Compel Production [Doc. No. 30] on the merits in a separate Memorandum Opinion and Order.

## CONCLUSION

For the reasons discussed above, Plaintiff's Motion to Strike Defendant Travelers' Cross-Notice of Deposition for Failure to Respond Within 30 Day Deadline is denied.

**IT IS SO ORDERED.**

_____
**ALAN C. TORGERSON**
**United States Magistrate Judge**