IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


**WILL FERGUSON & ASSOCIATES,**

    **Plaintiff,**

    vs.                                                          **Civ. No. 12-822 JCH/ACT**

**TRAVELERS INDEMNITY COMPANY**
**OF AMERICA, a Connecticut corporation,**

    **Defendant.**


## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion to Strike Objections and Compel Production [Doc. No. 30] filed on November 29, 2012 ("Motion to Compel"). Defendant filed a Combined Response to Plaintiff's Motion to Strike Objections and Compel Production and Plaintiff's Motion to Strike Defendant Travelers' Cross-Notice of Deposition for Failure to Respond Within 30 Day Deadline [Doc. No. 31] on November 30, 2012 ("Response").[1]  Plaintiff filed its Reply [Doc. No. 32] on December 3, 2012  ("Reply").[1]

Plaintiff's Motion to Compel is granted in part and denied in part as more fully set forth below.

---

[1] The Court notes there were time constraints imposed by the Court in responding and replying to Plaintiff's Motion to Strike Cross-Notice [Doc. No. 29] and to Plaintiff's Motion to Strike Objections and Compel Production [Doc. No. 30].  The Court further notes, however, that the constraints imposed are for the sole benefit of the parties who asked this Court for an expedited ruling on these motions.  For future reference, the Court cautions all parties that a separate responsive pleading addressing each motion is required by the Court's Administrative Order 92-88.  D.N.M. Administrative Order 92-88 (May 4, 1992) ("[A]ll practitioners before the Court shall henceforth submit, in the case of responsive pleadings, a separate pleading addressing each motion and other pleading to which a response is made.") In the future, the parties shall file a separate response and reply to every motion filed instead of a single response and reply addressing multiple motions.

## FAILURE TO CONFER IN GOOD FAITH

Defendant informs the Court in its Response that "[i]n violation of D.N.M.LR-Civ. 7.1, without conferring with Travelers, either before requesting the November 19, 2012, telephonic hearing or filing its motions, Plaintiff filed the Motion to Compel and Motion to Strike on November 29, 2012." [Response at ¶ 7.]  Counsel for Plaintiff failed to comply with both the letter and the spirit of Federal Rules of Civil Procedure and Local Rules of Civil Procedure for the District of New Mexico before filing its Motion to Compel.  The failure of Plaintiff's counsel to comply with the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure for the District of New Mexico would justify an immediate denial of Plaintiff's Motion so as "not to burden the Court with an unnecessary discovery motion."  D.N.M.LR-Civ. 7.1(a).  However, the Court will review the merits of the Motion and warns counsel for Plaintiff that any future failures to comply with the Federal Rules of Civil Procedure, the Local Rules of Civil Procedure, or the Orders of this Court will result in sanctions which could include a recommendation that some of all of Plaintiff's claims be dismissed.

## PROCEDURAL AND FACTUAL BACKGROUND

On February 7, 2012, Plaintiff Will Ferguson & Associates ("Plaintiff") filed its Complaint for Declaratory Relief, Breach of Contract and Other Claims in the Second Judicial District Court, Bernalillo County, New Mexico.  On February 22, 2012, Plaintiff filed its First Amended Complaint ("Amended Complaint") alleging claims for declaratory relief, breach of contract, unfair claim practices, unfair settlement practices, and punitive damages.  [Doc. No. 1-1.]   The Amended Complaint initially named three Defendants – (i) The Travelers Indemnity Company of America, (ii) Magnan, Graizzaro & Associates CPAS, LLC, and (iii) Manuel Lujan Insurance, Inc.; however, Magnan, Graizzaro & Associates and  Manuel Lujan Insurance, Inc., were dismissed in the

underlying state court action on June 6, 2012, and July 20, 2012, respectively. [Doc. No. 1 at 2.] With those respective dismissals, and now satisfying the requirements for original federal jurisdiction, Defendant The Travelers Indemnity Company America ("Defendant Travelers") invoked 28 U.S.C. § 1441(a) and timely removed the action to federal district court.  On July 27, 2012, Defendant filed a Notice of Removal to the United States District Court for the District of New Mexico ("Notice of Removal"). [Doc. No. 1.]  Defendant Travelers filed its Answer [Doc. No. 1-2] in the underlying state court action on April 10, 2012.

      The factual basis of Plaintiff's Amended Complaint involves events that "arise from water damage that occurred at Plaintiff's principal location on November 8, 2010 and thereafter." [Doc. No. 1-1 at 1, ¶ 2.] On or about November 8, 2010, the ground floor of Plaintiff's offices experienced water damage "arising from damaged plumbing and /or defective security." [Id. at 2, ¶ 9.]   Plaintiff claims that the water damage resulted in "[t]ens of thousands of dollars of physical damage to the building," "a value exceeding $11,000" of damaged and destroyed business contents, and "$647,500 in lost business income." [Id. at 2-3, ¶¶ 10-12.] Plaintiff states that a business owner's property insurance policy issued by Travelers was in effect on the date of the occurrence, and that it promptly notified Manuel Lujan Insurance, Inc. and Travelers of the occurrence. [Id. at 2, ¶¶ 8, 13.] Following submission of the claim, Manuel Lujan Insurance, Inc. and Travelers contracted with Magnan, Graizzaro & Associates, Inc. "to perform forensic accounting functions purportedly designed to develop the measure of damages sustained" by Plaintiff. [Id. at 3, ¶ 15.] Plaintiff states it made a formal demand for its damages on or about November 3, 2011, and that Defendant(s) have failed to pay any of their claimed losses. [Id. at 3, ¶¶ 17-18.]

In its Answer, Defendant Travelers admits that it issued a policy of insurance to Plaintiff. [Doc. No. 1-2 at ¶¶ 25, 26, 38.] Defendant Travelers also admits that Plaintiff reported a claim for water damage and that "it paid Plaintiff certain amounts for losses to Plaintiff's business personal property resulting from the water damage." [Doc. No. 1-2 at ¶¶ 2, 9.] In addition, Defendant Travelers admits that it "retained MGA to assist in the evaluation of Plaintiff's business income loss claim," and that "it has not paid Plaintiff for its lost business income claim." [Doc. No. 1-2 at ¶¶ 15, 18.] Defendant Travelers asserts an affirmative defense, *inter alia*, that "Plaintiff's claims may be barred or limited by the contractual terms, conditions, provisions and/or limitations contained within the Policy." [Doc. No. 1-2 at p. 5.]

## RELEVANT LAW

### A.    Scope and Relevance of Discovery

The proper scope of discovery is "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Information sought is relevant "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. Federal courts have held that the scope of discovery under Rule 26 is deliberately broad. "The way is now clear, consistent with recognized privileges, for the parties to obtain the fullest possible knowledge of the issues and facts before trial." *Hickman v. Taylor*, 329 U.S. 495, 501 (1974); *see Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995); *Sanchez v. Matt*, 229 F.R.D. 649, 654 (D.N.M. 2004 (Browning, J.) ("The federal courts have held that the scope of discovery should be broadly and liberally construed to achieve the full disclosure of all potentially relevant information.").

A district court is not, however, "required to permit plaintiff to engage in a 'fishing expedition' in the hope of supporting his claim." *McGee v. Hayes*, 43 Fed.Appx. 214, 217 (10th

Cir. 2002)(unpublished). *See Tottenham v. Trans World Gaming Corp*., 2002 WL 1967023, at *2 (S.D.N.Y. 2002) (Knapp, J.) ("Discovery, however, is not intended to be a fishing expedition, bur rather is meant to allow the parties to flesh out allegations for which they initially have at least a modicum of objective support.")(citation omitted)). "[B]road discovery is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant." *Gomez v. Martin Marietta Corp*., 50 F.3d at 1520.

Courts have recognized that, while it is true that relevance in discovery is broader than that required for admissibility at trial, the "object of inquiry must have some evidentiary value before an order to compel disclosure of otherwise inadmissible material will issue." *Zenith Electronics Corp. v. Exzec, Inc.*, No. 93 C 5041, 1998 WL 9181, at *2 (N.D.Ill. 1998)(quoting *Piacenti v. General Motors Corp*., 173 F.R.D. 221, 223 (N.D.Ill. 1997)). Further, the information must be "reasonably calculated to lead to the discovery of admissible evidence." *Id*. Courts have also recognized that "[t]he legal tenet that relevancy in the discovery content is broader than in the context of admissibility should not be misapplied so as to allow fishing expeditions in discovery." *Id.*

Rule 26 was amended in 2000 to state that the material requested must be "relevant to the claim or defense of any party," and "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1). The Advisory Committee explained that the amendment was "designed to involve the court more actively in regulating the breadth of sweeping or contentious discovery." Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2000 amendment (stating that the amendment was made with the intent "that the parties and the court focus on the actual claims and defenses involved in the action"). The Advisory Committee further explained:

Under the amended provisions, if there is an objection that discovery goes beyond material relevant to the parties' claims or defenses, the court would become involved to determine whether the discovery is relevant to the claims or defenses, and if not, whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action. The good-cause standard warranting broader discovery is meant to be flexible.

**B.      Requests for Production**

      1.      Rule 34

A nonparty may be compelled to produce documents and tangible things or to permit an inspection as provided in Rule 45.  Fed. R. Civ. P. 34(c).

      2.      Rule 45 - Subpoena Duces Tecum

Rule 45 states in pertinent part:

> *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises - or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
>
> (i)   At any time, on notice to the commanded person, *the serving party may move the issuing court for an order compelling production or inspection*;
>
> (ii)  These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

Fed. R. Civ. P. 45(c)(2)(B). (Emphasis added.)

The right to object extends to the opposing party in the proceeding and is not limited to the nonparty (or party) on whom the subpoena is served. *Broadcort Capital Corp. v. Flagler Securities, Inc.*, 149 F.R.D. 626, 628 (D. Colo. 1993).

### C. Motions to Compel

Federal Rule of Civil Procedure 37(a)(1) provides in pertinent part, "[A] party may move for an order compelling disclosure or discovery.  The motion must include a certification that the movant has in good faith conferred or attempt to confer with the person or party failing to make disclosure or discovery."  Additionally, if a party does not respond to an interrogatory or to a request for production, the party requesting the discovery may move the Court to compel the opposing party to respond.  See Fed. R. Civ. P. 37(a)(2)(B).  "[A]n evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond."  Fed. R. Civ. P. 37(a)(3).

## ANALYSIS

The subject of Plaintiff's Motion to Compel concerns Defendant Travelers' Amended Cross-Notice of Deposition Duces Tecum of Robert C. Freely and Objections to Plaintiff's Notice of Deposition Duces Tecum, filed on November 30, 2012.  [Doc. No. 31-3.]  Defendant Travelers objected to four of the requested "Documents To Be Produced" as follows:

> 4.  A full list of all matters, assignments, claims, files, or projects in which Magnam [sic], Graizzaro & Associates, CPAs, LLC has worked for Defendant Travelers Indemnity Company since January 1, 2009.  (Last names of individual parties may be redacted to protect confidentiality and privacy concerns.)
>
> 5.  A copy of all statements, invoices, billings, demands for payment or other documents reflecting a detailed account of work performed for or on behalf of Defendant Travelers Indemnity Company by Magnum [sic], Graizzaro & Associates, CPAs, LLC concerning the Business Income Loss Claim made by Plaintiff Will Ferguson & Associates made the basis of this suit.[2]

---

[2]  Defendant Travelers "withdraws its objections to requests 5 and 17 noting that it has already produced the information sought in these request in connection with this litigation."  [Response at 3.]  Plaintiff's Motion with respect to Request Nos. 5 and 17 is therefore denied as moot.

      6.      A copy of all statements, invoices, billings, demands for payment or other documents reflecting a detailed account of work performed for or on behalf of Defendant Travelers Indemnity Company by Magnam [sic], Graizzaro & Associates, CPAs, LLC of any nature since November 1, 2009.

      17.     Copies of any and all billing statements, dispatched or not, including any time involved in the review and assessment of the Business Income Loss Claim of Will Ferguson & Associates, whether billed or not, sent or billed to Defendant Travelers Indemnity Company concerning the Business Income Loss Claim made by Plaintiff Will Ferguson that is the subject of this lawsuit.[3]

Defendant Travelers objected to each of these requests by stating:

> [T]he information requested is not relevant to issues in this case, nor do the requests seek information likely to lead to the discovery of admissible evidence. Travelers further objects because the documents requested in paragraphs 4-6 and 17 may seek information that is confidential and proprietary information of Travelers and because the requests are overbroad in scope and time.

[Doc. No. 31-3 at 2.]

In Plaintiff's Motion to Compel, Plaintiff argues that these requests are "essential and relevant items of discovery within the context of the bad faith claim that is the crux of this litigation." [Motion to Compel at 2.] Plaintiff explains that the requests for production are intended to provide an "understanding of the process of adjustment of Plaintiff's insurance claim for business interruption by Defendant Travelers and or its agents, and any delay in the adjustment of Plaintiff's insurance claim." [Id.] Plaintiff asserts that its requests are designed to "probe the relationship between Defendant and Magnam, Graizzaro & Association," including how that relationship ended. To that end, Plaintiff hopes to construct a timeline of events in an attempt to explain the delay in Plaintiff's claim being adjusted. [Id. at 5.] Plaintiff argues that any potentially confidential proprietary information can be safeguarded with the creation of a protective order and

---

[3] Defendant Travelers "withdraws its objections to requests 5 and 17 noting that it has already produced the information sought in these request in connection with this litigation." [Response at 3.] Plaintiff's Motion with respect to Request Nos. 5 and 17 is therefore denied as moot.

that should suffice to "ameliorate Defendant's concerns" in this regard. [Id. at 6.] Finally, Plaintiff argues that its "requests for discovery are limited in scope and narrowly focused on obtaining relevant information" and that "[i]n a complex case such as the present action, it is quite reasonable to assume that requests may be more general and expansive than a less complex case." [Id. at 6-7.] Plaintiff requests the Court strike Defendant's objections and compel the production of its requested documents.

In Defendant Travelers' Response, Defendant contends that Plaintiff's Notice to Take Videotaped Deposition Duces Tecum is directed toward Mr. Freely, not Travelers. [Response at 2.] Thus, while Travelers made certain objections "in part because the information sought may have implicated Travelers' insureds who have nothing to do with this litigation," Plaintiff seeks to compel the production of documents from Travelers which in fact are not in "its possession, custody, or control." [Response at 3.] The documents sought are in the control of Mr. Freely, who "lodged essentially the same objections as Travelers did, and indicated that he will not produce or testify to certain items." [Id.] Defendant points out that Plaintiff did not take issue with Mr. Freely's objections. [Id.]

Having withdrawn its objections to Request Nos. 5 and 17, Defendant contends that the documents sought in Request Nos. 4 and 6 is "not relevant to any claims or defenses in this litigation, and it is not reasonably calculated to lead to the discovery of admissible evidence" because it seeks information from "MGA regarding all other claims on which it has worked for Travelers in the past three years." [Response at 3.] Defendant further contends that the items requested by Plaintiff constitute confidential and proprietary information, and while "[t]he parties are presently discussing the terms of a stipulated protection order," a protective order does not address the "over-breadth of Plaintiff's requests." [Id. at 4.] Finally, Defendant asserts that the

9


items requested from Mr. Freely had already been requested from Travelers in discovery requests to which Defendant Travelers objected. [Id.] Because Plaintiff did not take issue with those objections, Defendant asserts they are deemed accepted.

Plaintiff requests leave in its Reply to amend its motions to be directed against Robert C. Freely as well as Defendant Travelers. [Reply at 1.] Plaintiff's Reply argues that the "business relationship between Defendant Travelers and Robert C. Freely (Magnan, Graizzaro & Associates) is a fundamental component of Plaintiff's theory of the case and evidence of that relationship is critical to Plaintiff's claims." [Id. at 2.] Because Plaintiff is bringing a bad faith claim against Defendant Travelers, it argues the necessity of establishing "a history of denial of insurance claims and the disparate treatment that some insured may receive in the timely disposition of their claims." [Id.] Plaintiff is further arguing its position that "Defendant Travelers only refers cases to independent accounting firms such as Magnan, Graizzaro & Associates as a pretext and under circumstances where Defendant Travelers has no intention of indemnifying the insured in a timely manner." [Response at 3.] On these bases, Plaintiff argues the requested information is relevant and asks the Court to compel production of said documents from Defendant Travelers and Robert C. Freely.

The Court denies Plaintiff's request for leave to amend motions to be directed against Robert C. Freely as well as Defendant. The Court notes that Plaintiff first raised the issue of directing its motions against Robert C. Freely in its Reply. The local rules that govern this Court, consistent with the federal rules, require every motion to "state with particularity the grounds" for seeking the order. D.N.M.LR-Civ. 7.1(a); Fed. R. Civ. P. 7(b)(1)(B). The local rules further require motions, responses, and replies to specifically "cite authority in support of the legal positions advanced." D.N.M.LR-Civ. 7.3(a). Thus, a motion that "states with

particularity the grounds" on which they are based allow other parties to decide whether to oppose them, and, if they oppose them, to file thorough, researched responses.  "[R]eply briefs reply to arguments made in the response brief - they do not provide the moving party with a new opportunity to present yet another issue for the court's consideration." *Plant Oil Powered Diesel Fuel Systems, Inc. v. Exxonmobil Corp.*, 2012 WL 1132527 (D.N.M. March 22, 2012) (*quoting Pac. Gas & Elec. Co. v. United States*, 69 Fed. Cl. 784, 817 (Fed.Cl. 2006)).  Allowing these motions to be directed against Mr. Freely now without affording Mr. Freely an opportunity to decide whether to oppose them, and, if he opposes them, to file thorough, researched responses would be a denial of due process.  Plaintiff's request for leave to amend motions to be directed against Robert C. Freely as well as Defendant Travelers is denied.

In the Court's Memorandum Opinion and Order denying Plaintiff's Motion to Strike Defendant Travelers' Cross-Notice of Deposition for Failure to Respond Within 30 Day Deadline [Doc. No. 35], the Court agreed to decide Plaintiff's Motion to Strike Objections and Compel Production on the merits despite the numerous procedural flaws committed by both parties.  Even here, Plaintiff's Motion to Compel is misdirected to Defendant Travelers; yet another procedural error by Plaintiff.

Plaintiff's Motion to Compel the documents identified in Request No. 4 and Request No. 6 of its "Documents To Be Produced" is granted in part and denied in part.  The Court finds that the information requested by Plaintiff is relevant to its bad faith claim against Defendant Travelers.  However, Plaintiff's Request No. 4 and Request No. 6 will be limited to work performed only by Magnan, Graizzaro and Associates on behalf of Travelers from November 3, 2009, to November 3, 2011, for review and assessment of Business Income Loss claims.  Plaintiff stated it made a formal demand for its damages on or about November 3, 2011, and that Defendant failed to

11

pay any of their claimed losses.  Requesting information related to its management of business interruption claims for the two (2) years prior to its alleged claim of bad faith is not unreasonable or overly broad.  Defendant Travelers is ordered to produce whatever documents are within its "possession, custody or control" as requested in Request No. 4 and Request No. 6 of the "Documents To Be Produced" identified in the Notice to Take Videotaped Deposition Duces Tecum of Robert Freely for the two (2) years before Plaintiff made its formal demand for damages on November 3, 2011.  The parties are also ordered to prepare a Confidentiality Order and any documents produced in response to this Order may be designated as confidential by Defendant, if appropriate.

## CONCLUSION

For the reasons described above, Plaintiff's Motion to Strike Objections and Compel Production is granted in part and denied in part.

**IT IS SO ORDERED.**

_____
**ALAN C. TORGERSON**
**Untied States Magistrate Judge**